CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 5 2008

JOHN F. CORCORAN, CLERK
BY: J. Bright
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EARL THOMAS, III,<br>    Petitioner, | Civil Action No. 7:07CV00286 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON,<br>    Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

Earl Thomas, III, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Thomas challenges the validity of his convictions in the Circuit Court for the County of Albemarle. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## Background

On December 2, 2002, Thomas was indicted by a grand jury in the County of Albemarle for the robbery of Nakisha Smith on April 4, 2002. Thomas was also charged with using, attempting to use, or displaying a firearm during the commission of the robbery, in violation of Virginia Code § 18.2-53.1.

A jury trial was held on July 1, 2003. The jury ultimately found Thomas guilty of both charges. In accordance with the jury's verdict, the Circuit Court sentenced Thomas to a total term of imprisonment of fifteen years.

Thomas appealed the convictions to the Court of Appeals of Virginia.[1] On June 4, 2004, a single judge of the Court of Appeals denied Thomas's petition for appeal. That decision was

---

[1] Thomas jointly appealed his convictions with two other convictions in the County of Albemarle. The other convictions arose out of the robbery of a Super Shoes store on April 19, 2002.

subsequently upheld by a three-judge panel. Thomas then filed a petition for appeal in the Supreme Court of Virginia. The petition for appeal was refused on January 11, 2005.

On September 26, 2005, Thomas filed a petition for writ of habeas corpus in the Circuit Court for the County of Albemarle. On July 21, 2006, the petition was dismissed by the Circuit Court. Thomas appealed the dismissal of the petition to the Supreme Court of Virginia, and on March 29, 2007, the petition for appeal was refused.

Thomas filed the instant petition on June 4, 2007. The petition includes the following claims:

1. The trial court erred in not setting aside the jury verdict on the ground that the evidence was insufficient to find Thomas guilty beyond a reasonable doubt.

2. Thomas's trial counsel was ineffective in failing to object to prosecutorial misconduct.

3. The trial court incorrectly admitted the statement made by Thomas to Lieutenant Mike Genau on August 7, 2002.

4. The trial court incorrectly admitted the statement Thomas made to Lieutenant Genau, since it did not fall within any hearsay exception.

5. The Court of Appeals of Virginia improperly refused to permit Thomas to supplement the transcript in order to raise a federal constitutional claim.

6. Thomas's trial counsel was ineffective in failing to subpoena certain witnesses for the defense.

7. Thomas's trial counsel was ineffective in not objecting to or investigating the primary identification.

8. The trial court improperly refused to replace Thomas's trial counsel prior to trial.

On August 16, 2007, the respondent moved to dismiss the petition. Since Thomas has now filed a response to the motion, the petition is ripe for review.

2

## Standard of Review

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The Supreme Court of the United States has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## Discussion

A.  Claim One

In claim one, Thomas alleges that the evidence was insufficient to support his convictions. Under Virginia law, the crime of robbery "consists of a taking of property with intent to steal from the person or presence of another, against his will, by violence or intimidation." Sutton v. Commonwealth, 324 S.E.2d 665, 670 (Va. 1985). To convict a defendant of violating Virginia Code § 18.2-53.1, "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm

3

or displayed the firearm in a threatening manner while committing or attempting to commit robbery . . . ." Yarborough v. Commonwealth, 441 S.E.2d 342, 344 (Va. 1994).

Thomas raised the same claim on direct appeal. Upon reviewing the claim, the Court of Appeals ultimately held that the Commonwealth's evidence "was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Thomas] was guilty of the . . . robber[y] and the related firearm charge[]." (June 4, 2004 Op. at 5-6). For the following reasons, the court concludes that the Court of Appeals' decision is entitled to deference under 28 U.S.C. § 2254(d).

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The court does not weigh the evidence or consider the credibility of witnesses.[2] United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

---

[2] While Thomas argues to the contrary, it is indeed the Jackson standard that "governs review of claims of insufficient evidence." Schlup v. Delo, 513 U.S. 298, 330 (1995); see also Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007) (explaining that, under § 2254(d)(1), the court must determine "whether a state court determination that the evidence was sufficient to support a conviction was an objectively unreasonable application of [the standard enunciated in] Jackson") (internal quotations and citations omitted). The Carrier standard (Murray v. Carrier, 477 U.S. 478 (1986)), on which Thomas relies to support the proposition that the court may assess the credibility of witnesses, applies only to claims of actual innocence that are used to excuse the procedural default of separate constitutional claims. See Carrier, 477 U.S. at 496.

Applying these principles, the court concludes that any rational trier of fact could have found the essential elements of the crimes at issue beyond a reasonable doubt. The evidence at trial revealed that Nakisha Smith was working as a salesclerk at a Payless shoe store in Charlottesville, Virginia, when she was robbed on April 4, 2002. (Trial Tr. 296-299). Smith testified that Thomas entered the store while she was working alone and asked her about a radio station. (Tr. 296-297). Thomas returned to the store fifteen to twenty minutes later, and requested a shoehorn and a sock for use in trying on shoes. (Tr. 297). Thomas then left the store, smoked a cigarette outside, and entered the store again. (Tr. 298). Upon reentering the store, Thomas picked up a pair of socks and brought them to the register. (Tr. 298). As Smith was entering the product number, Thomas demanded that she give him all of the money in the register. (Tr. 299). When Smith appeared hesitant, Thomas placed his right hand in his right pocket and told her that he had a gun. (Tr. 299). Smith observed what appeared to be a gun in Thomas's pocket, and gave him all of the money in the register. (Tr. 300). Smith positively identified Thomas at trial, stating that there was "no doubt at all" that he was the robber. (Tr. 302-303). Smith also identified Thomas from a photographic lineup. (Tr. 336).

Albemarle County Police Detective Steven Wilkins responded to the shoe store following the robbery, along with Carl Brown, an evidence technician. (Tr. 327-329). Brown collected various evidence, including cigarette butts from outside the store. (Tr. 345). One of the cigarette butts contained Thomas's DNA. (Tr. 360-362). Berkley Collins, a forensic scientist, testified that the likelihood of the same DNA belonging to someone other than Thomas was one in more than six billion, "which is approximately the world population." (Tr. 361).

When viewed in the light most favorable to the Commonwealth, the court concludes that the evidence is sufficient to support Thomas's convictions. Based on the aforementioned

5

evidence, any rational trier of fact could have concluded that Smith was robbed by Thomas, and that Thomas displayed a firearm during the commission of the robbery. Accordingly, claim one must be dismissed.[3]

B. Claim Two

In his second claim, Thomas alleges that trial counsel was ineffective in failing to object to prosecutorial misconduct. While Thomas raised the same claim in his state habeas petition, and the claim was dismissed on the merits by the Circuit Court, Thomas did not appeal the dismissal of the claim to the Supreme Court of Virginia. "[T]o present a claim to the Supreme Court of Virginia on appeal, the petitioner must include the claim in an assignment of error." Koper v. Angelone, 961 F. Supp. 916, 919 (W.D. Va. 1997) (citing Va. Sup. Ct. R. 5:17(c)). Although Thomas's petition for appeal included seven assignments of error, he did not assign error to the Circuit Court's ruling on the merits of his claim that the Commonwealth engaged in prosecutorial misconduct, or his claim that trial counsel was ineffective in failing to object to the prosecutorial misconduct. While Thomas did address the issue of prosecutorial misconduct in the body of his appellate brief, Thomas did not discuss the related issue regarding trial counsel's alleged ineffectiveness. Consequently, claim two is procedurally defaulted. See Whitley v. Bair,

---

[3] In challenging the sufficiency of the evidence to support his convictions, Thomas argues that various identification evidence was unreliable under Neil v. Biggers, 409 U.S. 188 (1972). To the extent claim one could be viewed as containing a separate challenge to the admissibility of the identification evidence, the claim is procedurally defaulted, since Thomas failed to raise the issue on direct appeal as a question presented to the Court of Appeals of Virginia or as an assignment of error to the Supreme Court of Virginia. "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding," Smith v. Murray, 477 U.S. 527, 533 (1986), and the United States Court of Appeals for the Fourth Circuit has held that when state law would clearly bar state habeas review, federal habeas review is also precluded, Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). Accordingly, because Thomas could have challenged the admissibility of the identification evidence on direct appeal, but he failed to do so, his current claim in this regard is procedurally defaulted.

6

802 F.2d 1487, 1500 (4th Cir. 1986) ("failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims"). This court may not review procedurally defaulted claims unless a petitioner demonstrates cause and prejudice for the default or a fundamental miscarriage of justice.[4] Coleman v. Thompson, 501 U.S. 722, 750 (1991). Because Thomas does not attempt to establish cause and prejudice or a miscarriage of justice to excuse his procedural default, claim two must be dismissed.

### C. Claims Three and Four

In his third and fourth claims, Thomas alleges that the trial court erred in denying his motion to suppress the statement that he made to Lieutenant Mike Genau at the Richmond City Jail on August 7, 2002, regarding his attempted escape from a deputy employed by the Richmond City Sheriff's Department. The evidence at trial revealed that Thomas attempted to escape from a Richmond hospital on July 30, 2002, while he was in the custody of the Richmond City Sheriff's Department. (Trial Tr. 365-369). Lieutenant Genau testified that he interviewed Thomas on August 7, 2002 regarding the attempted escape, and that Thomas told the lieutenant that he attempted to escape "because of the seriousness of the charges." (Tr. 375-376). Prior to trial, Thomas moved to suppress the statement that he made to Lieutenant Genau. The motion was denied at a hearing held on June 27, 2003.

---

[4] The court notes that a petitioner may demonstrate cause by showing "that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Carrier, 477 U.S. at 488. "A procedural default also may be excused if the petitioner demonstrates that failure to consider the claim[] will result in a fundamental miscarriage of justice, i.e., that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Reid v. True, 349 F.3d 788, 806 (4th Cir. 2003) (internal quotations and citations omitted). In order to make this showing, a federal habeas petitioner must present "new reliable evidence . . . that was not presented at trial," and the petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 324, 327-328.

7

On direct appeal, Thomas argued that the trial court erred by refusing to suppress Thomas's statement to Lieutenant Genau. However, the Court of Appeals of Virginia dismissed the claim as procedurally barred, because the transcript from the relevant motions hearing was not made a part of the record before the Court. The Court of Appeals' decision was upheld by the Supreme Court of Virginia.

As the respondent explains in his brief in support of his motion to dismiss, trial transcripts were filed on November 13, 2003, two days before the deadline established by Rule 5A:8 of the Rules of the Supreme Court of Virginia. See Va. Sup. Ct. R. 5A:8 ("The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment."). Although the Court of Appeals may extend the deadline for filing transcripts if a written motion is filed within 60 days after entry of the final judgment, Id., Thomas's appellate counsel did not move to extend the time for filing the transcript from the relevant motions hearing until February 20, 2004, more than three months after the 60-day deadline expired. Consequently, the motion for extension of time was denied by the Court of Appeals. The Court of Appeals has established a "firm policy" regarding the filing of transcripts: "'If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. [The Court of Appeals] has no authority to make exceptions to the filing requirements set out in the Rules.'" Smith v. Commonwealth, 531 S.E.2d 11, 14 (Va. App. 2000) (citing Turner v. Commonwealth, 341 S.E.2d 400, 402 (Va. App. 1986)).

A federal habeas court is barred from reviewing a claim when a state court has refused to consider the claim's merits on the basis of an adequate and independent state procedural rule. See Roach v. Angelone, 176 F.3d 210, 221 (4th Cir. 1999). A state procedural rule is "adequate"

8

if it is regularly or consistently applied by the state court, see Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and is "independent" if it does not "depend[] on a federal constitutional ruling," Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

Applying these principles, the court agrees with the respondent that the transcript rule set forth in Rule 5A:8 provides an adequate and independent state law ground for dismissal of claims three and four. The Court of Appeals' decisions in Smith and Turner, supra, indicate that the transcript rule is well-established and regularly enforced when transcripts have not been properly filed as part of the record, and Thomas offers no evidence that the Court of Appeals makes exceptions to the rule. See also Cutchin v. Pearson, 2006 U.S. Dist. LEXIS 65991, at *13 (W.D. Va. Sept. 15, 2006), appeal dismissed, cert. of appealability denied, 216 Fed. Appx. 377, 378 (4th Cir. Feb. 8, 2007) (finding that the transcript rule set forth in Rule 5A:8 is an independent and adequate state procedural ground for dismissal). Because Thomas has failed to establish cause and prejudice or a miscarriage of justice to excuse his procedural default, claims three and four are subject to dismissal.

In any event, the court notes that even if claims three and four were not procedurally defaulted, and even if Thomas's statement should have been suppressed, Thomas is still not entitled to federal habeas relief. A federal court may not grant habeas relief on the basis of trial error of a constitutional dimension unless the court is convinced that "the error had a 'substantial and injurious effect or influence in determining the jury's verdict,'" Fullwood v. Lee, 290 F.3d 663, 679 (4th Cir. 2002) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)), or the court is "in 'grave doubt' as to the harmlessness of [the] error," Id. (quoting O'Neal v. McAninch, 513 U.S. 432, 436 (1995)). In this case, the court has no such grave doubt. The statement challenged by Thomas -- that he attempted to escape "because of the seriousness of his charges" (Tr. 376) --

9

was not the equivalent of a confession or admission of guilt, and thus did not have "the probative sway [that] a confession may carry," Correll v. Thompson, 63 F.3d 1279, 1291 (4th Cir. 1995) (citing Arizona v. Fulminante, 499 U.S. 279, 310 (1991)). Moreover, the evidence against Thomas aside from the statement to Lieutenant Genau was overwhelming. Nakisha Smith positively identified Thomas as the robber, both at trial and from a photographic lineup, and DNA evidence linked Thomas to the scene of the robbery. Accordingly, the court is convinced that Thomas's statement to Lieutenant Genau had no substantial or injurious effect on the jury's verdict. For these reasons, claims three and four must be dismissed.

D. Claim Five

In his fifth claim, Thomas alleges that the Court of Appeals improperly refused to permit him to supplement the transcript on appeal. Thomas contends that the Court of Appeals' decision in this regard was a "constitutional miscarriage of justice."

To the extent that claim five asserts a violation of Thomas's federal constitutional rights, the claim is procedurally defaulted. Although Thomas challenged the Court of Appeals' decision on direct appeal to the Supreme Court of Virginia, Thomas did not allege that the Court's refusal to permit him to supplement the transcript rose to the level of a federal constitutional violation. See Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir. 1999) (holding that petitioner's federal constitutional claim was procedurally defaulted, since he only asserted a violation of state law on direct appeal, without asserting that his federal constitutional rights were violated); see also Duncan v. Henry, 513 U.S. 364, 365-366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). Since Thomas does not maintain that his default may be excused by cause and prejudice or a

10

miscarriage of justice, claim five is procedurally defaulted to the extent that it asserts a violation of Thomas's constitutional rights.

To the extent that claim five may be viewed as a mere procedural challenge to the Court of Appeals' application of Rule 5A:8, the claim is not cognizable on federal habeas review. As the Supreme Court of the United States explained in Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Instead, the court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. Accordingly, claim five must be dismissed.

E.    Claim Six

In claim six, Thomas alleges that his trial counsel was ineffective in failing to subpoena certain witnesses for the defense. Specifically, Thomas contends that trial counsel should have subpoenaed his college instructors, who would have testified that "at no time throughout [Thomas's] enrollment did he ever have any hair on his head nor was he ever medium skinned." Thomas also argues that trial counsel should have subpoenaed Donna Breedlove and Florence Barnette, who were "eyewitness[es] to the robber identification."

A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the Supreme Court of the United States set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688. The prejudice prong "generally requires the defendant to demonstrate by a reasonable probability that, but for counsel's error, the result of the

11

proceeding would have been different." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005).

As in claim six, Thomas alleged, on state habeas, that his trial counsel was ineffective in failing to present the testimony of his college instructors, who would have testified that Thomas was bald during the period leading up to the commission of the offenses. The Circuit Court concluded that the claim failed to satisfy either prong of the Strickland test. The Court determined that trial counsel's performance was not unreasonable, since she called two witnesses to testify that Thomas always had a clean shaven head, and thus, additional testimony in this regard would have been cumulative. The Circuit Court also determined that the alleged error did not prejudice Thomas's defense, since DNA evidence linked him to the scene of the crimes. Having reviewed the record, the court concludes that the Circuit Court's decision was not contrary to clearly established federal law or based on an unreasonable determination of the facts. Accordingly, claim six must be dismissed, to the extent Thomas alleges that his trial counsel was ineffective in failing to subpoena his college instructors.

To the extent Thomas alleges that his trial counsel was ineffective in failing to subpoena Donna Breedlove and Florence Barnett, the court concludes that the claim is procedurally defaulted. During the state habeas proceedings, Thomas did not allege that trial counsel was ineffective for not presenting the testimony of these two individuals. Thus, this portion of claim six was not fairly presented to the state courts. If Thomas now attempted to raise the claim in a state habeas petition, the claim would be barred by Virginia Code § 8.01-654(B)(2), which generally prohibits successive petitions. Because Thomas does not attempt to establish cause and prejudice or a miscarriage of justice to excuse his procedural default, this portion of claim six is also subject to dismissal.

12

F.   Claim Seven

In claim seven, Thomas contends that his trial counsel was ineffective in not objecting to or investigating the "primary identification." Specifically, Thomas alleges that the victim of a robbery in the City of Richmond identified him from an overly suggestive photo array, and that Albemarle County detectives then used the same photograph to develop the robbery case in Albemarle County. He contends that his trial counsel was ineffective in not objecting to the use of the Richmond photograph.

Thomas raised the same ineffective assistance claim in his state habeas petition. The Circuit Court ultimately concluded that the claim failed to satisfy the Strickland test, explaining as follows:

> Thomas . . . does not contend that the photo was not a picture of him, and there is no constitutional requirement that the police must obtain a suspect's consent to take his photograph.
>
> Taking a suspect's photograph does not violate his Fifth Amendment right against self-incrimination. In fact, showing a photo display to victims is not a "critical stage of the prosecution" in the context of the Sixth Amendment.
>
> As shown by Respondent's Exhibit 4, a motion to suppress was filed by Thomas' Richmond lawyer in the Ewell robbery case challenging the identification procedure about which the petitioner bases his present complaint. However, Thomas pled guilty to the Ewell robbery charge on July 18, 2003.
>
> Finally, how the petitioner was developed as a suspect – in the sense that Thomas complains about it – is irrelevant. And, as the respondent notes, because the petitioner was a serial robber committing crimes throughout a wide area of the state, he obviously would be a suspect in any similar robbery committed in Central and Northern Virginia during this time frame.

13

(Order at 10) (internal citations omitted). Because Thomas has failed to show that the Circuit Court's disposition of this claim was contrary to clearly established federal law, or that it involved an unreasonable determination of the facts, claim seven must be dismissed.

G.   Claim Eight

In his eighth claim, Thomas alleges that the trial court violated his rights under the Sixth Amendment by refusing to replace his trial counsel prior to trial. Although Thomas argued on direct appeal that the trial court erred in not replacing his trial counsel, Thomas did not assert that the trial court's alleged error deprived him of the assistance of counsel guaranteed by the Sixth Amendment, or otherwise raise the argument in federal constitutional terms. Accordingly, claim eight was not fairly presented in state court on direct appeal. See Duncan v. Henry, 513 U.S. at 365-366 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."); Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (explaining, for purposes of exhaustion, that "[a] habeas petitioner cannot simply apprise the state court of the facts underlying a claimed constitutional violation; the petitioner must also explain how those alleged events establish a violation of his constitutional rights").

Additionally, on direct appeal, the Court of Appeals held that Thomas's claim was procedurally barred, because the transcript from the relevant motions hearing was not made a part of the record, and thus, Thomas failed to provide an adequate record from which the Court of Appeals could determine whether the trial court erred. As previously discussed with respect to claims three and four, the Court of Appeals' finding of procedural default is sufficient to bar federal habeas review of the claim raised on direct appeal.

14

Finally, the court notes that Thomas also asserted, on state habeas, that the trial court erred in not replacing his trial counsel prior to trial. Although Thomas did not reference the Sixth Amendment with respect to his claim of trial court error, he did allege that he "was denied effective adequate assistance of counsel and the trial court erred when he refused to replace trial counsel." Nonetheless, to the extent Thomas's state habeas claim could be construed as asserting a Sixth Amendment violation on the part of the trial court, the state habeas court concluded that the claim was barred by Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), because it could have been raised on direct appeal. See Henry v. Warden, 576 S.E.2d 495, 497 n.3 (Va. 2003) (explaining that the Slayton default rule also precludes from habeas review an enhanced argument or new twist to an issue that was raised at trial or on direct appeal). The Fourth Circuit has repeatedly held that the default rule set forth in Slayton constitutes an adequate and independent state ground for the denial of federal habeas relief. See Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998); Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Because Thomas does not maintain that his default may be excused by cause and prejudice or a miscarriage of justice, claim eight is subject to dismissal.

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for respondent.

ENTER: This 25th day of February, 2008.

_____
United States District Judge